FILED
2012 Jan-16 PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES GUSTIN** and **ASHLEY I. GUSTIN,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO: 2:11-cv-3795-JEO ) |
| **ALLIED INTERSTATE, LLC.,** | ) ) |
| Defendant. | ) ) |

## PROPOSED REPORT OF THE PARTIES' PLANNING MEETING

1. **Appearances:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting via electronic mail and teleconference on January 12, 2012. The participating counsel were:

    a.   John C. Hubbard, Attorney for Plaintiffs, James Gustin and Ashley I. Gustin.

    b.   Sarah E. Orr, on behalf of Neal D. Moore, Attorney for Defendant, Allied Interstate, LLC.

As a result of this meeting and any necessary communications following the meeting, in compliance with Rule 26 of the Federal Rules of Civil Procedure, the

parties submit the following synopsis of claims and defenses and proposed discovery schedule:

2. **Synopsis of Case**

   Plaintiffs' synopsis:

   Plaintiffs allege that they are not liable on the student loans and that the Defendant engaged in conduct that violated the FDCPA and state common law as alleged in the complaint.

   Defendant's synopsis:

   The Plaintiff Ashley Gustin was delinquent on her student loan obligation. The Defendant was assigned the account and began collections. The Defendant legally collected the defaulted debt and specifically denies contacting the debtor in violation of the FDCPA of Alabama Common Law.

3. **Additional Parties and Amendment of the Pleadings:**

   a.   The Plaintiffs shall have until March 14, 2012, to join any additional parties and to amend the pleadings.

   b.   The Defendant shall have until April 13, 2012, to join any additional parties and to amend the pleadings.

4. **Dispositive Motions:**

   All potentially dispositive motions must be filed by December 16, 2012.

5. **Expert Testimony:**

   Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure from any specially retained or employed expert are due:

{W0311962.1 }

    a.    From the Plaintiffs:    July 13, 2012.

    b.    Plaintiffs' experts to be deposed by August 17, 2012.

    c.    From the Defendant:    September 14, 2012.

    d.    Defendant's experts to be deposed by October 12, 2012.

6. **Discovery Plan**:

The parties jointly propose to the Court the following discovery plan[1]:

    a.    The Plaintiffs will need discovery on the following subjects: all facts alleged in the Complaint, including but not limited to the Defendant's activities and the Defendant's policies and procedures regarding the FDCPA.

    b.    The Defendant will need discovery on the following subjects: The Defendant will need to conduct discovery regarding the Plaintiffs' alleged contact and communications with the Defendant. The Defendant will also need discovery regarding any other accounts that may or may not have been in default or collections during all relevant times outlined within the Complaint. The Defendant will need to conduct discovery regarding any and all damages asserted by the Plaintiffs within the Complaint, including any alleged personal injuries, emotional distress, out of pocket loss, loss of credit opportunities, credit damage, and attorney

---

[1] The parties agree, to the extent possible, that service of discovery can be perfected by email and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

All documents exchanged in this case will be done so in the .pdf format when practicable.

{W0311962.1 }

fees.  The Defendant will also need discovery regarding all state law claims and FDCPA violations alleged by the Plaintiffs.

      c.      Maximum of 5 depositions for the Plaintiffs and 5 depositions for the Defendant, unless extended by agreement of the parties, excluding expert depositions, with a maximum time limit of 7 hours per party deposition, unless extended by agreement of the parties.  The proposed number of depositions is based on the parties' assessment of the case at this time and is without prejudice to any party seeking leave to conduct further depositions should the facts indicate they are necessary.

      d.      Maximum of 30 Interrogatories from each party to any other party, with responses due within 30 days after service.

      e.      Maximum of 40 Requests for Admission from each party to any other party, with responses due within 30 days after service.

**Subpart (f) sets forth the Parties' opposed requests as it relates to the number of Requests for Production allowed during the discovery phase of this case:**

      f.      Plaintiff requests there be no maximum number of requests for production as Federal Rule of Civil Procedure 34 does not provide for any such maximum number of requests.  Defendant requests a maximum of 40 Requests for Production from each party as to avoid any potential undue burden or expense which may result from allowing an unlimited number of requests.

      g.      The proposed number of discovery requests is based on the parties' assessment of the case at this time and is without prejudice to any party seeking leave to propound further Interrogatories, Requests for Admission or Request for Production or to conduct further depositions should the facts indicate they are necessary.

      h.      Supplementation under Rule 26(e), Federal Rules of Civil Procedure, due as soon as the supplemented information is known, but in no event later than 14 days before the close of discovery.

      i.      Pre-discovery disclosure: The parties shall exchange the information required by Rule 26.l(a)(l) of the Federal Rules of Civil Procedure by Monday, January 31, 2012.

      j.      All discovery must be commenced in time to be completed by November 16, 2012.

      k.      Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

          1.      The production of ESI should be done in .pdf format when practicable.

          2.      If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not

produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

   3. All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

7. **Pre-trial conference:**

The parties request a pretrial conference be scheduled thirty days prior to the first day of trial.

8. **Trial:**

The parties request this case be set for trial in February, 2013.  It is expected to last 2 days.

9. **Final lists:**

Final lists of trial witnesses and exhibits under Rule 26(a)(3) of the Federal Rules of Civil Procedure must be served and filed:

 a. By the Plaintiffs:   14 days  before trial

 b. By the Defendant: 14 days before trial

Objections are to be filed within 7 days after receipt of final lists.

10. **Scheduling Conference:**

The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

{W0311962.1 }

11. **Motions in Limine:**

All motions in limine should be filed 7 days before trial.

12. **Settlement:**

The parties have considered and discussed the possibility of settlement and the potential benefits of mediation. The parties do not request a settlement conference with the Court at this time. The parties will continue to discuss settlement as the case progresses and will request mediation if the need arises.

Respectfully submitted this 16th day of January, 2012.

/s/ Neal D. Moore
Neal D. Moore, III
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722


/s/ John C. Hubbard
John C. Hubbard
JAUREGUI & LINDSEY, LLC
211 Devereux Circle, Ste 100
Birmingham, Alabama  35243
Phone: (205) 970-2233

{W0311962.1 }